UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| INOSENCIO BAEZ SAMORA, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | CIVIL ACTION NO.: [TBA] |
| v. ) | |
| ) | |
| UPS-SCS[1], ) | |
| ) | |
| *Defendant.* ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant, UPS Supply Chain Solutions, Inc. ("UPS" or "Defendant"), files this Notice of Removal on the basis of diversity jurisdiction. In support thereof, the Defendant states as follows:

**I.    PROCEDURAL HISTORY**

1.    On January 29, 2021, Plaintiff Inosencio Baez Samora filed a Complaint (the "Complaint") commencing this action, styled *Inosencio Baez Samora v. UPS-SCS*, No. 226-2021-CV-00048, in the Hillsborough Superior Court Southern District in the State of New Hampshire (the "State Action").  A copy of the Complaint is attached as **Exhibit A**.

2.    Plaintiff has asserted untimely causes of action for purported harassment and discrimination and seeks monetary damages.

---

[1] Plaintiff improperly names UPS-SCS as a Defendant in this action.  The properly named Defendant should be Plaintiff's former employer UPS Supply Chain Solutions, Inc. ("UPS").  UPS files this Notice of Removal as if Plaintiff had named the proper entity.

## II.     THIS CASE IS PROPERLY REMOVED TO THIS COURT

### A.     This Court has Original Jurisdiction Pursuant to 28 U.S.C. § 1332.

3.     This Court has diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  Both requirements are satisfied here.

### B.     Complete Diversity of Citizenship Exists.

4.     Under 28 U.S.C. § 1332(a)(2), this is a civil action between "citizens of a State and citizens or subjects of a foreign state."

5.     The Complaint identifies Plaintiff as a New Hampshire citizen.  Complaint ¶ 1.

6.     The Complaint also identifies UPS as a business corporation being a resident of the State of Georgia.  Complaint ¶ 2

7.     Therefore, both at the time of filing the State Action and at the time of removal, there is complete diversity between Plaintiff and UPS under 28 U.S.C. § 1332(a)(2), and the State Action is properly removable under 28 U.S.C. § 1441(b).

8.     28 U.S.C. § 1441(b)(2) does not preclude removal since UPS, the only named defendant, is not a citizen of New Hampshire.

### C.     The Amount in Controversy Exceeds $75,000.

9.     The amount in controversy requirement is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332.

10. At the time of filing of this case and at the time of removal, Plaintiff alleges a claim in the amount of $5,500,000.00.  Complaint ¶ 3.

11. In determining the amount in controversy, the Court considers the total amount of monetary relief that a plaintiff seeks to recover, or the financial impact the relief sought would have on defendants.  See *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) (the amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); see also 28 U.S.C. § 1446(c)(2) ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.").

12. Based on Plaintiff's own allegations in the Complaint, the amount in controversy exceeds the $75,000 threshold for jurisdiction.

**D.     UPS Timely Filed this Notice of Removal.**

13. Under 28 U.S.C. § 1446(b), this Notice of Removal is timely because UPS filed it within 30 days after UPS was first received a copy of the Complaint.  See **Exhibit A**.

**E.     This Court is the Appropriate Venue for Removal.**

14. Removal to this Court is proper because the United States District Court for the District of New Hampshire is the district within which the State Action is pending.  28 U.S.C. § 1441(a).

### III.    CONCLUSION

15. Based on the above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

16. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the United States District Court for the District of New Hampshire, certified copies of all pleadings, records, orders, and other proceedings from the State Action will be filed with this Court within fourteen (14) days.

17. If any question arises as to the propriety of the removal of this action, UPS requests the opportunity to present a brief with supporting documentation, if applicable, and oral argument in support of its position that this case is removable.

18. By filing this Notice of Removal, UPS does not waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including but not limited to objections regarding jurisdiction, venue, sufficiency of process or service of process, and the service of discovery.

WHEREFORE, UPS respectfully removes this action from the Hillsborough Superior Court Southern District in the State of New Hampshire to the United States District Court for the District of New Hampshire, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

UPS SUPPLY CHAIN SOLUTIONS, INC.

By Its Attorneys,

/s/ John W. Dennehy

John W. Dennehy, P.C., NH Bar # 16166
DENNEHY LAW
127 Main Street, Suite 1
Nashua, New Hampshire 03060
(603) 943-7633
Dated: July 12, 2021                     jdennehy@johnwdennehy.com

And

- 5 -

        Angela F. Ramson
        *Pro Hac Vice Forthcoming*
        *Angela.ramson@squirepb.com*
        David W. Long-Daniels
        *Pro Hac Vice Forthcoming*
        David.long-daniels@squirepb.com
        **SQUIRE PATTON BOGGS (US) LLP**
        1230 Peachtree Street NE
        Suite 1700
        Atlanta, Georgia 30309
        Telephone: (678) 272-3200
        Facsimile: (678) 272-3211
        *Counsel for Defendant UPS*

- 6 -

## **CERTIFICATE OF SERVICE**

This is to certify that on July 12, 2021, a true and correct copy of the foregoing document was served upon Plaintiff Inosencio Baez Samora, via e-mail at ibzamora@outlook.com.

/s/ John W. Dennehy
_____
John W. Dennehy, P.C.