**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Inosencio Baez Samora**</u>

    v.                                        Case No. 21-cv-0596-PB
                                                Opinion No. 2021 DNH 169

<u>**UPS-SCS**</u>

**<u>MEMORANDUM AND ORDER</u>**

Inosencio Baez Samora is suing UPS Supply Chain Solutions, his employer until October 2016, for workplace discrimination and harassment in violation of New Hampshire and federal law. UPS now moves to dismiss Samora's complaint for failing to state a claim on which relief can be granted. For the reasons detailed below, I agree that his complaint must be dismissed.

Samora brings his case pro se. I hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Mindful of this standard, I will liberally interpret Samora's pleadings in his favor, ensuring that he can receive fair and meaningful consideration. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Eveland v. Dir. of CIA, 843 F.2d 46, 49 (1st Cir. 1988). As with any motion to dismiss a complaint under 12(b)(6), I will construe all well-pleaded facts in the light most favorable to the plaintiff, "accepting their truth and drawing all reasonable inferences in [his] favor." See

Medina-Velazquez v. Hernandez-Gregorat, 767 F.3d 103, 108 (1st Cir. 2014).

Samora was employed by UPS as an Auto-Bagger Operator. He quit in October 2016 after his managers and co-workers repeatedly harassed and discriminated against him.  Compl., Doc. No. 3 at 2, 4, 18.  In response, Samora claims to have "contacted [the] NH labor department by e-mail" and "visit[ed] the office of the NH Commissioner . . . in Concord [to] file a case against UPS . . . [but] nothing happened."  Id.  Samora details further personal issues since leaving his job and expresses a belief that he was forced to quit due to the difficulties he was having at work.  See id. at 3-4.  Samora also attached records from NH Employment Security to his complaint detailing his unsuccessful attempt to obtain unemployment benefits.  Id. at 6-17.

In its motion to dismiss, UPS construes Samora's complaint as bringing a federal anti-discrimination claim under Title VII of the Civil Rights Act of 1964, a hostile work environment claim under 42 U.S.C. § 1981, and an additional anti-discrimination and harassment claim under the New Hampshire Law Against Discrimination (NHLAD).  Samora did not disagree with UPS's read of his complaint in his response to its motion. Thus, I will proceed on the assumption that those are his causes of action.

After examining Samora's three claims, accepting his factual allegations as true, and construing all reasonable inferences in his favor I conclude that he has not set forth a plausible claim on which relief may be granted.  Samora needed to exhaust his administrative remedies under Title VII and the NHLAD; he did not.  Further, while § 1981 does not have an administrative exhaustion requirement, Samora's claim is barred by its statute of limitations.  I will address the claims in turn.

Before bringing a Title VII discrimination and harassment claim in federal court, a plaintiff must file an administrative charge before the Equal Employment Opportunity Commission (EEOC) or a parallel state agency.  Thornton v. United Parcel Service, Inc., 587 F.3d 27, 31 (1st Cir. 2009); Franceschi v. U.S. Dep't of Veterans Affs., 514 F.3d 81, 85 (1st Cir. 2008).  The charge must be filed "within one hundred and eighty days after the alleged unlawful employment practice occurred," or within 300 days if "the person aggrieved has initially instituted proceedings with [an authorized] State or local agency."  42 U.S.C. § 2000e-5(e).  "[I]f the EEOC dismisses the administrative charge, or if it does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge," the plaintiff may bring his case to court.  Franceschi, 514 F.3d at 85 (citing 42 U.S.C.

3

§ 2000e-5(f)(1)). To effectuate that right, the EEOC will send the employee a "right-to-sue letter," and after receiving the letter, the plaintiff has ninety days to sue. Id. Failing to timely bring a claim "bars the courthouse door," unless the court can identify a rarely granted "equitable exception[]." Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999).

Here, any Title VII claim is foreclosed because Samora does not allege that he first brought the claim before the EEOC or a parallel state agency. Samora's complaint also does not present any "circumstances effectively beyond [his] control" that would excuse a delay in filing a charge. Id. at 279.

Similarly, before bringing a NHLAD claim in court, a plaintiff "must first timely file a complaint, or charge of discrimination, with the [New Hampshire Commission for Human Rights]." Barrows v. State Employees' Ass'n of N.H., 2020 DNH 012, 2020 WL 419597, at *2 (D.N.H. Jan. 27, 2020). The charge must be filed within 180 days of the last alleged discriminatory act. Id. (citing Eldridge v. Rolling Green At Whip-Poor-Will Condo. Owners' Ass'n, 168 N.H. 87, 91 (2015)). NHLAD claims are, therefore, time-barred unless timely filed. Id. (citing Eldridge, 168 N.H. at 93).

Samora admits that he did not successfully file a complaint or charge of discrimination with the state's Commission for

4

Human Rights. Instead, he alleges that he "contacted [the] NH labor department" and "visit[ed] the office of the NH Commissioner" but, "nothing happened." Compl., Doc. No. 3 at 18. In his response to UPS's motion to dismiss, he claims to have visited the Commission for Human Rights twice, but he does not say that he filed a complaint with it. Pl's Mot. in Opp'n, Doc. No. 6 at 2. Samora does say that he sent a complaint "via mail and e-mail to the NH Labor department," but, again, he does not say that he filed a claim with the Commission for Human Rights. Id. Because Samora does not allege that he filed his claim with the Commission, a prerequisite for bringing this suit, his complaint must be dismissed.[1] See Barrows, 2020 WL 419597, at *2.

Even if Samora successfully filed a complaint with the Commission, his current lawsuit -- which was filed in January 2021 -- would be precluded by the applicable statute of limitations. After submitting a complaint to the Commission, a potential plaintiff has a maximum of three years "after the alleged unlawful practice occurred" to "bring a civil action for damages . . . in [New Hampshire] superior court." N.H. Rev. Stat. Ann. § 354-A:21-a(I). If Samora had timely filed his

---

[1] Samora "last worked for [UPS] on October 20, 2016," see Notice of Removal Ex., Doc. No. 1-1 at 14, 15, 26, which means his ability to file a complaint with the Commission expired 180 days later, in April 2017. See N.H. Rev. Stat. Ann. § 354-A:21(III).

5

NHLAD claim, his right to bring it in court would have expired on October 20, 2019 -- three years after quitting his job at UPS and about a year before he filed his complaint.

Finally, § 1981 "hostile work environment" claims "are subject to a four-year statute of limitations." Garmon v. Nat'l R.R. Passenger Corp., 844 F.3d 307, 318 n.8 (1st Cir. 2016). These claims accrue "when the alleged unlawful act 'has a crystallized and tangible effect on [an employee] and [he] has notice of both the act and its invidious etiology.'" Id. (quoting Buntin v. City of Bos., 813 F.3d 401, 405 (1st Cir. 2015)). Samora's § 1981 claim -- which, again, was filed in January 2021 --is untimely: he last worked for UPS on October 20, 2016, so the statute of limitations expired on October 20, 2020. Seeing no applicable "equitable exception" and bearing in mind the First Circuit's guidance that "time limitations are important in discrimination cases," see Bonilla, 194 F.3d at 278-79, I must dismiss this claim too.

Because each of the complaint's conceivable allegations is precluded, I grant UPS's motion to dismiss (Doc. No. 4).

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

October 25, 2021

cc: Inosencio Baez Samora, pro se
John W. Dennehy, Esq.